IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BANKERS MUTUAL CAPITAL
CORPORATION, a Florida corporation,

    Plaintiff,

v.

COMPUSA, INC., a Delaware corporation,

    Defendant.
_____/

CASE NO. 02-81123-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: JOHNSON

FILED
DEC 1 9 2002
ERK, USDC / SDFL

### DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant CompUSA, Inc. ("CompUSA"), by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 12, hereby moves to dismiss Counts I, II, III and IV of the Complaint filed in this action for failure to state a claim upon which relief can be granted and for failure to join a party under Federal Rule of Civil Procedure 19, and (in the alternative) for a more definite statement concerning Counts I and II, and in support of this Motion states as follows:

### BACKGROUND

The instant case concerns the sale of electronic pagers. The Complaint was served upon the Defendant CompUSA on November 22, 2002. The action was removed by Defendant CompUSA from Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida to the United States District Court for the Southern District of Florida on December 12, 2002.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED

*A.* *Counts I and II*

1. The Complaint fails to state claims upon which relief can be granted in Count I for breach of contract and Count II for quantum meruit because there was no separate contract between Plaintiff, Bankers Mutual Capital Corporation ("Bankers") and CompUSA and no such contract should be implied in fact. (See ¶¶ 32, 37 of Complaint). The only document alleged between Bankers and CompUSA is the May 24, 2002 Acknowledgement of Assignment and Invoice Verification (Exhibit G to the Complaint) that CompUSA, based on the face of the Complaint, signed after it had received delivery of the merchandise at issue, without consideration, merely to acknowledge the invoices with Beep for Free.com. As alleged in ¶ 17 of and Exhibit "F" to the Complaint, Bankers took an assignment of invoices from Beep for Free, Inc. or Beep For Free.com, LLC (hereinafter, collectively "Beep for Free"). However, Counts I and II purport to state causes of action not for any contract that may have been assigned, but rather on some new, non-existent contract, expressed or implied, that allegedly arose between Bankers and CompUSA. As presently pled, Counts I and II fail and should be dismissed.

*B.* *Counts III and IV*

2. The Complaint fails to state a claim upon which relief can be granted in Count III for fraud and in Count IV for negligent misrepresentation because the claims are barred by the economic loss rule. Florida law is well established that claims for fraud or misrepresentation related to the performance of a contract are barred by the economic loss rule. Accordingly, Counts III and IV should be dismissed with prejudice.

## MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY PURSUANT TO RULE 19

3. Pursuant to Federal Rule of Civil Procedure 12(b)(7), the Complaint should be dismissed for failure of Plaintiff to join Beep for Free as a party herein. As set forth below, there are various reasons why Beep for Free must be a party herein.[1]

## MOTION FOR MORE DEFINITE STATEMENT

4. In the alternative to CompUSA's Motion to Dismiss Counts I and II for failure to state claims upon which relief can be granted, Defendant CompUSA moves for a more definite statement as to Counts I and II of the Complaint. Said counts are vague and ambiguous and CompUSA cannot reasonably frame a responsive pleading thereto. Said counts do not (a) clearly set forth Bankers' rights and obligations regarding the beepers delivered to CompUSA by Beep for Free and (b) clearly describe the contract that "arose" between Bankers and CompUSA.

WHEREFORE, Defendant prays for the relief set forth above, and that the Court grant any and all other relief to which it is entitled, including, without limitation, attorneys' fees and costs, if appropriate.

## MEMORANDUM OF LAW

Bankers has sued CompUSA for allegedly failing to pay invoices that were assigned to it by Beep For Free. Bankers has alleged theories of breach of contract, quantum meruit, fraud, and negligent misrepresentation in its Complaint. CompUSA removed the case to this Court on December 12, 2002.

In March and April 2002, Beep for Free allegedly negotiated with CompUSA to retail its electronic pagers with Beep for Free's agreement to provide paging service. (Complaint ¶ 6 and all exhibits to Complaint). According to the allegations of the Complaint, pagers were delivered

---

[1] As discovery occurs, the reasons for needing to join Beep for Free may expand. If this Court denies this motion on the present record, Defendant CompUSA requests that said denial be without prejudice to renewing its request that Beep for Free be joined.

{WP115765;1}                             3

to CompUSA pursuant to documents with Beep for Free. (Complaint ¶¶ 6, 16) (the Complaint does not attach all pertinent documents). Beep for Free allegedly contacted Bankers to provide financing for a deal with CompUSA. (Complaint ¶ 10). According to the Complaint, Bankers is in the business of providing purchase order financing, to enable its clients to purchase goods from a manufacturer and supply them to a retailer or other end user without having their own funds to purchase the goods. (Complaint ¶ 4). Bankers takes an assignment of the client's right to be paid pursuant to the retailer's purchase order, and notifies the retailer that payments should be made directly to Bankers. Id. The Complaint alleges that Beep for Free and Bankers entered into such an arrangement regarding the Beep for Free electronic pagers delivered to CompUSA. (Complaint ¶ 11).

The Complaint alleges that on or about May 15, 2002, CompUSA received a shipment of Beep for Free pagers. (Complaint ¶ 16). The next day, Bankers allegedly served a Notice of Invoice Assignment on CompUSA. (Complaint ¶ 17). According to the Complaint, in June 2002, Bankers sought payment for the electronic pagers from CompUSA. (Complaint ¶ 22). Based on a reading of the Complaint and exhibits thereto, a dispute currently exists about CompUSA's right to return pagers and its obligations regarding payment for the pagers.

A.   *No Contract Arose Between Bankers and CompUSA.*

Bankers claims that it had a contract with CompUSA or that a contract should be implied but it has not pled sufficient facts to state a claim based on a contractual relationship. Instead, Bankers seems to throw lots of papers together and hope that something sticks. In Count I, it alleges: "[a]s a result of the Purchase Order, Vendor Agreement, Vendor Agreement Discussion, Marketing Agreement, Co-Op Agreement and CompUSA May 24, 2002 confirmation that Beep for Free, Inc.'s invoices were 'correct, due and payable' there **arose** a written contractual relationship between CompUSA and Bankers Mutual Capital Corporation in consideration of

which CompUSA was to pay Bankers on the Beep for Free invoices for the delivered goods." (Complaint ¶ 32). A similar allegation is made in Count II. (Complaint ¶ 37).

On their face, it is evident that the Purchase Order, Vendor Agreement, Vendor Agreement Discussion, Marketing Agreement, and Co-Op Agreement are documents between CompUSA and Beep for Free. They do not involve Bankers. Beep for Free allegedly assigned its CompUSA invoices to Bankers. Although it is not clear from the Complaint whether Beep for Free made a complete assignment of the invoices to Bankers or only assigned its right to receive payment, Bankers certainly got no more contractual rights than those held by Beep for Free. The assignment did not give Bankers a contract with CompUSA; at most, it gave Bankers the right to enforce Beep for Free's rights. As presently pled, Count I for breach of contract and Count II for quantum meruit (that reiterates that the same instruments with Beep for Free is a basis to imply a contract in fact) fail to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

The only document alleged between Bankers and CompUSA is the Acknowledgement and Invoice Verification (Exhibit "G" to the Complaint) that CompUSA signed, based on the Complaint, after it received delivery of the merchandise, without consideration. The Acknowledgement merely acknowledged the Beep for Free invoices. CompUSA had already received the pagers on May 15, 2002 (Complaint ¶16), and it got no benefit from the assignment. In addition, Beep for Free's invoices are subject to the other agreements between Beep for Free and CompUSA.

Bankers has not pled the required elements for a breach of contract claim between it and CompUSA. Abbot Laboratories v. General Electric Capital, 765 So.2d 737, 740 (Fla. App. 5th DCA 2000). Similarly, Count II that says a contract implied in fact arose between Bankers and CompUSA fails as there is no contract, express or implied, between those parties. To the extent

that Bankers intends to assert that it has stepped into Beep for Free's rights as a result of the assignment, it has not made a clear statement of its claim. Accordingly, Counts I and II should be dismissed. In the alternative, Bankers should be required to make a more clear and definite statement of its claims under Federal Rule of Civil Procedure 12(e). Perez v. Radio Shack, 2002 WL 1335158*1 (S.D.Fla. 2002). Specifically, Bankers should clearly set forth its rights and obligations regarding the beepers delivered to CompUSA by Beep for Free and the specific terms of the alleged contract that arose between it and CompUSA.

***B.***   ***Failure to Join a Party Pursuant to Fed.R.Civ.Pro. 19***

Bankers has failed to join a Rule 19 party in that Beep for Free was not named in the Complaint. Federal Rule of Civil Procedure 19(a) requires joinder of certain persons as parties to a case if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.Pro. Rule 19(a). See also Wright Miller v. Kane, Federal Practice & Procedure: Civil 3d § 1609.

In the present action, CompUSA had a business relationship with Beep for Free, the terms of which are central to the dispute sued upon by Bankers, but which terms Bankers selectively acknowledge. For example, the exhibits attached to the Complaint reference the right of CompUSA to return pagers and to take certain deductions/credits, yet Bankers apparently rejects those rights. See Exhibit "A" to Complaint ("returns contact information"); Exhibit "G" to Complaint ("net amount due by CompUSA"); Exhibit "L" to Complaint ("Bankers and Beep for Free are unwilling to retake possession of the Beepers"); Exhibit "M" to Complaint ("Beepers were returned to Beep"). Based on the Complaint, it is unclear to which party the beepers should

be returned. The Complaint also appears to raise issues about Beep for Free's obligations to Bankers if beepers are returned. (See ¶ 11 of the Complaint regarding funding agreement). As to the claims against CompUSA, any sums allegedly due pursuant to the invoices of Beep for Free (part of Exhibit "G" to the Complaint) are affected by CompUSA's ability to return beepers and take deductions/credits. Further, as referenced on page six of Exhibit "L" to the Complaint, Beep for Free may be unable to provide service for its beepers depending on the outcome of this dispute.

As such, Beep for Free's participation in this action is necessary to a complete resolution. Furthermore, pursuant to the allegations of the Complaint, CompUSA may be subjected to inconsistent obligations if Beep for Free is not a party to this action. It is unclear what rights or claims Beep for Free may retain under its funding agreement with Bankers and CompUSA should not bear the risk that Beep for Free might seek to pursue a separate claim. Finally, the determination of CompUSA's obligation to pay Bankers in this action will necessarily impair or impede Beep for Free's rights or obligations to Bankers.

Upon information and belief, Beep for Free can be properly joined in this action. Beep for Free is apparently subject to the personal jurisdiction of this Court because it entered into a funding agreement with Bankers in Florida. In addition, since Beep for Free is located in California (See Exhibit "A" to Complaint), joinder will not affect the diversity jurisdiction of the Court. Accordingly, the Complaint should be dismissed for failure to join a party under Rule 19 pursuant to Fed.R.Civ.Pro. Rule 12(b).

C.   **_Banker's Fraud and Misrepresentation Claims are Barred by the Economic Loss Rule._**

Count III alleging fraud and Count IV alleging negligent misrepresentation should be dismissed based on the economic loss rule. "A party to a contract may not pursue a claim in tort for solely economic losses unless the party breaching the contract has committed a tort which is

distinguishable from or independent of the breach of contract." Medalie v. FSC Securities Corp., 87 F.Supp.2d 1295, 1300 (S.D. Fla. 2000). "The Florida Supreme Court has held that misrepresentations which related to the breaching parties' performance of the contract do not give rise to an independent cause of action in tort." Argonaut Development Group v. SWH Funding Corp., 150 F.Supp.2d 1357, 1363 (S.D. Fla. 2001) (quoting HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla. 1996)).

Bankers alleges that at the time CompUSA signed the Acknowledgement recognizing that Beep for Free's invoices had been assigned to Bankers (the same action it alleges created a contract between the parties), CompUSA "had the settled intention of accepting the shipped goods and not paying the invoices" (Count III) or "knew or through the exercise of reasonable care should have known that it would later take the position that Beep for Free's invoices were not correct, not due or not payable." (Count IV). Bankers alleges that at the time CompUSA entered into the alleged contract with it, CompUSA misrepresented its intention to perform that contract. Bankers alleges the same action – CompUSA's alleged non-performance – as both the breach of contract and the actionable misrepresentation, and it necessarily claims identical damages arose from this single act as it is framed in all counts. This is precisely the type of claim the economic loss rule prohibits. If a dispute is one in contract, tort claims should not be permitted. Casa Clara v. Charley Toppino & Sons, 620 So.2d 1244, 1246-7 (Fla. 1993).

Bankers tries to artfully plead its way around the economic loss rule by dressing its claim up as fraud in the inducement because such claims are an exception to the economic loss rule. Under Florida law, "where ... the ability of one party to negotiate fair terms and make an informed decision is undermined by the other party's fraudulent behavior" the wronged party has a claim for fraud in the inducement and also a potential breach of contract claim. Allen v. The Stephan Co., 784 So.2d 456, 458 (Fla. App. 4th DCA 2000). Statements regarding performance,

{WP115765;1}                                            8

in contrast, are not actionable. Compare Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74 (Fla. App. 3rd DCA) (fraud claim based on the Radisson Hotel chain's failure to provide the benefits negotiated for such as a reservation system and hotel management services, was barred); Straub Capital Corp v. L. Frank Chopin, P.A., 724 So.2d 577 (Fla. 4th DCA 1998) (tort claim for alleged fraudulent failure of landlord to timely provide the space described in the lease to his tenants was barred by economic loss rule); and Medalie supra. (fraudulent inducement claim based on alleged misrepresentations regarding the amount of risk and return involved with certain securities prior to sale was within exception to economic loss rule); Allen, supra (where seller of company misrepresented that in had paid its taxes, purchaser which found itself responsible to government for delinquent taxes had an actionable claim for fraud in the inducement).

  Every time a party enters a contract, it implicitly agrees to perform and accepts the risk that the other party may breach. Here, CompUSA's allegedly fraudulent agreement to perform is identical to the contract claims that Bankers has attempted to plead elsewhere in the Complaint. "To permit this type [of] representation to constitute a fraud in the inducement claim is the same as saying that anytime one breaches a contract, the other side merely needs to allege that the breaching party never intended to honor its commitment and thus is liable for fraud in the inducement." Puff 'N Stuff of Winter Park v. Bell, 683 So.2d 1176, 1179 (Fla. App. 5th DCA 1996) (J. Harris concurring). "[O]ne cannot avoid the economic loss rule by merely labeling a claim as fraud in the inducement, the fraud must be separate and distinct from the breaching party's performance of the contract." Medalie, supra. 87 F.Supp.2d at 1305. Accordingly, Counts III and IV of Bankers' Complaint must be dismissed with prejudice.

### *D. Conclusion*

Defendant CompUSA requests that this Court order that Count I for breach of contract and Count II for quantum meruit be dismissed or that a more definite statement be supplied; that all Counts be dismissed for failure to join an indispensable party; that Count III for fraud and Count IV for negligent misrepresentation be dismissed with prejudice; and that the Court award Defendant all other relief to which it is entitled, including, without limitation, costs and attorneys' fees, if appropriate.

Respectfully submitted,

AKERMAN SENTERFITT
*Attorneys for CompUSA*
222 Lakeview Avenue
Esperante Building - Suite 400
West Palm Beach, FL 33401
Tel: (561) 653-5000    Fax (561) 659-6313

By: _____
Lawrence P. Rochefort, Esquire
Florida Bar No.: 769053

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail to all persons listed on the attached Service List on December 19, 2002.

_____
Lawrence P. Rochefort

## SERVICE LIST

Brian B. Joslyn, Esquire
BOOSE, CASEY CIKLIN, LUBITZ,
MARTENS, McBANE & O'CONNELL
515 North Flagler Drive, 18th Floor
West Palm Beach, FL 33401
Tel: 561-832-5900
(Fax) 561-820-0389
*Attorneys for Plaintiff*


Lawrence P. Rochefort, Esquire
AKERMAN SENTERFITT
222 Lakeview Avenue
Esperante Building - Suite 400
West Palm Beach, FL 33401
(561) 653-5000
Fax (561) 659-6313
*Attorneys for Defendant*